IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

GREAT LAKES REINSURANCE (UK)    )
PLC,                            )
                                )
            Plaintiff,          )
                                )          Civil No. 2011-122
vs.                             )
                                )
GLENN KRANIG and NATIONAL       )
EXCHANGE BANK AND TRUST,        )
                                )
            Defendants.         )
_____ )

## MEMORANDUM OPINION & ORDER

Pursuant to Rule 54 of the Federal Rules of Civil Procedure, Great Lakes Reinsurance

(UK) PLC ("Great Lakes") moved for Attorneys' Fees[1] and Costs and for Leave to Engage in

Limited Discovery Regarding Whether the Defense was Conducted in Bad Faith.  [DE 95].

Defendant National Exchange Bank and Trust ("NEBAT") filed a response, to which Great

Lakes replied.  [DEs 99, 100].  Defendant Glenn Kranig ("Kranig") did not respond to the

motion.

## I.      BACKGROUND

Because the Court writes primarily for the parties, only a brief history of this matter is

presented as it relates to the request for fees and costs.  Great Lakes brought this action to void

the 2011 Policy[2] it issued covering the Vessel owned by Kranig.  The Vessel sank in August

2011 and Kranig made a claim for policy proceeds.  NEBAT had a lien on the Vessel and was

---

[1]      The Court uses the phrase "attorney's fees" herein, except when quoting other sources.  *See Daybreak, Inc. v. Friedberg*, 2013 U.S. Dist. LEXIS 77366, at *3 n.1 (D.V.I. June 3, 2013) (holding the use of the phrase "attorney's fees" is stylistically proper in this district).

[2]      The terminology in this Order has the same meaning as set forth in the June 12, 2013 Memorandum Opinion granting summary judgment.  [DE 93].

*Great Lakes Reinsurance (UK) PLC v. Kranig, et al.*
Civil No. 2011-122
Page 2

named as a loss payee in the 2011 Policy.  Great Lakes thereafter filed this action seeking to

have the 2011 Policy declared void *ab initio*.[3]  After discovery, Great Lakes moved for summary

judgment [DE 57] against Kranig and NEBAT, which the Court granted [DE 94].  *See Great*

*Lakes Reinsurance (UK) PLC v. Kranig*, 2013 U.S. Dist. LEXIS 82337 (D.V.I. June 12, 2013)

(the "June Opinion").  Great Lakes now seeks $150,877.00 in attorney's fees and $1,915.15 in

costs.

## II.     APPLICABLE LAW

### A.     Attorney's Fees

The American Rule provides that in the absence of legislation providing otherwise, each

party generally must pay his or her own attorney's fees.  *F.D. Rich Co. v. United States for the*

*Use of Indus. Lumber Co.*, 417 U.S. 116, 126 (1974).  Accordingly, the prevailing party in an

admiralty case is not entitled to recover its attorney's fees as a matter of course.  *Sosebee v. Rath*,

893 F.2d 54, 56 (3d Cir. 1990).  Nevertheless, under admiralty law, a court has inherent power to

assess attorney's fees when a party "has acted in bad faith, vexatiously, wantonly, or for

oppressive reasons" in litigating an action or defense.[4]  *F.D. Rich Co.*, 417 U.S. at 129; *accord*

*Sosebee*, 893 F.2d at 56 (stating attorney's fees are available in admiralty cases where "the court

determines in its equitable discretion that one party has acted in bad faith"); *Fleming v. TK*

---

[3]     Great Lakes contended, *inter alia*, that while investigating whether to honor the 2011 Policy after Kranig submitted his claim, it discovered facts regarding the criminal and driving histories of Kranig and Christina Bonwit, both operators of the Vessel, that Kranig had not previously disclosed in connection with the application for coverage.  Under the doctrine of *uberrimae fidei,* Great Lakes claimed it was entitled to void the 2011 Policy because such undisclosed facts would have been material to its determination to accept the risk and issue the 2011 Policy.

[4]     Attorney's fees are not available pursuant to 5 V.I.C. § 541(a).  *See Peter v. Hess Oil Virgin Islands Corp.*, 903 F.2d 935, 937 n.1 (3d Cir. 1990) (holding section 541 "[cannot] be applied in a case cognizable in admiralty, because of its inconsistency with admiralty law principles); *accord AGF Marine Aviation & Transp. v. Cassin*, 2008 U.S. Dist. LEXIS 7575, at *4-5 (D.V.I. Jan. 29, 2008).

*Sailing Corp.*, 2008 U.S. Dist. LEXIS 99902, at \*2 (D.V.I. Dec. 1, 2008) ("As a general matter, attorney's fees cannot be recovered in an admiralty action unless the plaintiff establishes the defendant's bad faith or recalcitrance."); *Inland Tugs Co. v. Ohio River Co.*, 709 F.2d 1065, 1074 (6th Cir. 1983) ("Equity principles applicable in admiralty permit attorney fees where there is a factual finding of callous disregard and indifference of the party against whom the fees are allowed.")(internal citation and quotation marks omitted).  "However, a finding of a failure to act without the utmost good faith is not tantamount to acting in bad faith."  *AGF Marine Aviation & Transp. v. Cassin*, 2008 U.S. Dist. LEXIS 7575, at \*6 (D.V.I. Jan. 29, 2008) (citation omitted). "The party seeking attorney's fees under the bad faith exception must meet a high burden to recover attorney's fees."  *Fattorusso v. Hass*, 2012 U.S. Dist. LEXIS 136002, at \*4 (M.D. Fla. Sept. 24, 2012).

**B.     Costs**

The federal statute governing costs in admiralty cases provides that "[e]xcept as otherwise provided by Act of Congress, the allowance and taxation of costs in admiralty and maritime cases shall be prescribed by rules promulgated by the Supreme Court."  28 U.S.C. § 1925.  Here, Rule 54 of the Federal Rules of Civil Procedure provides the standard applied by district courts in awarding what are commonly referred to as taxable costs.  *See Del. River Tow, LLC v. Nelson*, 382 F. Supp. 2d 710, 713 (E.D. Pa. 2005) ("Although the Supreme Court has not exercised its power to promulgate rules specifically addressing the allocation of costs in admiralty cases, it has promulgated Federal Rule of Civil Procedure 54.").  Rule 54 provides that, with exceptions not relevant here, "costs – other than attorney's fees – should be allowed to the prevailing party."  "[T]he discretion given district judges to tax costs should be sparingly exercised with reference to expenses not specifically allowed by statute." *Fleming*, 2008 U.S.

*Great Lakes Reinsurance (UK) PLC v. Kranig, et al.*
Civil No. 2011-122
Page 4

Dist. LEXIS 99902, at *3 (alteration in original) (quoting *Farmer v. Arabian Am. Oil Co.*, 379

U.S. 227, 235 (1964)).

Generally, taxable costs are those listed in 28 U.S.C. § 1920. *Friedman v. Ganassi*, 853

F.2d 207, 209 (3d Cir. 1988); *see Templeman v. Chris Craft Corp.*, 770 F.2d 245, 248, 250 (1st

Cir. 1985) (admiralty case denying attorney's fees due to the absence of bad faith but awarding

costs pursuant to Fed. R. Civ. P. 54 and 28 U.S.C. § 1920); *Misener Marine Constr., Inc. v.*

*Norfolk Dredging Co.*, 2008 U.S. Dist. LEXIS 95321, at *11, 23 (S.D. Ga. Nov. 24, 2008)

(same); *Del. River Tow, LLC v. Nelson*, 382 F. Supp. 2d 710, 714, 716 (E.D. Pa. 2005) (same);

*Jensen v. Lawler*, 338 F. Supp. 2d 739, 743-45 (S.D. Tex. 2004) (same). Section 1920, however,

does not apply in the District Court of the Virgin Islands. *See Dr. Bernard Heller Found. v. Lee*,

847 F.2d 83, 87 (3d Cir. 1988) (holding the District Court of the Virgin Islands is not a United

States district court for taxing costs under 28 U.S.C. § 1920). Rather, prevailing parties in the

District of the Virgin Islands who incur certain costs may be entitled, at the court's discretion, to

reimbursement of those costs pursuant to 5 V.I.C. § 541. *See Fleming*, 2008 U.S. Dist. LEXIS

99902, at *3-4 (awarding deposition costs incurred by prevailing party in an admiralty action

pursuant to 5 V.I.C. § 541).

### III.   DISCUSSION

Great Lakes contends it is entitled to an award of attorney's fees and costs because

defendants conducted their defense in bad faith. Specifically, Great Lakes argues that defendants

demonstrated bad faith by asserting a frivolous "bad faith" counterclaim[5] and setting forth a

---

[5]     In defendants' counterclaim, defendants asserted three claims for relief: (1) payment of insurance proceeds;
(2) bad faith breach of contract; and (3) breach of duty of good faith and fair dealing. Defs.' Countercl. at 9-11 [DE
7].

*Great Lakes Reinsurance (UK) PLC v. Kranig, et al.*
Civil No. 2011-122
Page 5

summary judgment argument that was "untethered from reality." Pl.'s Mem. at 3; *see also* Pl.'s

Reply at 2. In support of its position, Great Lakes states defendants "never submitted a scrap of

evidence," Pl.'s Mem. at 2, in support of their allegation that Great Lakes "lack[ed] any

reasonable legitimate or arguable reason for refusal to pay the claim, both in law and in fact."

Defs.' Countercl. ¶ 33 [DE 7] (alteration added). Great Lakes argues further that defendants

offered no evidentiary support for the Amendatory Clauses theory[6] advanced in their joint

opposition [DE 63] to Great Lake's motion for summary judgment.[7]

NEBAT argues in conclusory fashion that it did not litigate in bad faith, completely

ignoring the counterclaim or summary judgment arguments raised by Great Lakes. Rather,

NEBAT proffers that Great Lakes is judicially estopped from seeking attorney's fees and costs

---

[6]    As explained in the June Opinion, Great Lakes also issued a policy of marine insurance to Kranig in 2010 (the "2010 Policy") based on Kranig's Application in support thereof. Both policies included amendments (the "Amendatory Clauses"). Defendants relied on the Amendatory Clauses to the 2011 Policy to support their position that the criminal and driving histories of the Vessel's operators were irrelevant. In particular, defendants argued

> the Amendatory Clauses to the 2011 Policy  [effective April 1, 2011] included a 'significant and material change' from prior policies because it broadened the definition of 'covered person' (i.e., the named operators in the insured's application) to include any person with 'adequate experience' operating the vessel. Thus, . . . a fact finder could conclude that after April 1, 2011, 'Great Lakes allowed any experienced person to operate the vessel, regardless of prior loss history or criminal/driving background.'

*Kranig*, 2013 U.S. Dist. LEXIS 82337, at *32 (alterations added & citations omitted). The Court found defendants' argument "untenable," however, given that the identical Amendatory Clauses found in the 2011 Policy were also in effect at the time Kranig submitted the Application for the 2010 Policy. *Id.*

[7]    In support of the instant motion, Great Lakes also raises the issue of Kranig's fraudulent conduct pre-dating the issuance of the 2011 Policy, and the timing of NEBAT's knowledge thereof, discussed in greater detail *infra*. Specifically, Great Lakes argues that

> there are serious issues never addressed by this Court regarding Kranig's fraudulent submission of fabricated policy schedules to NEBAT and when NEBAT knew or should have known about Kranig's fraud and undisclosed criminal conviction. NEBAT's knowledge of Kranig's fraud and criminal history is particularly germane given the acknowledgment that its rights are entirely derivative of Kranig's.

Pl.'s Mem. at 3. Yet, following NEBAT's response to this issue, Great Lakes accused NEBAT of "divert[ing]" this Court's attention from NEBAT's alleged bad faith defense. *See* Pl.'s Reply at 3 (stating "whether NEBAT knew or should have known of Kranig's fraud and criminal history . . . is not even relevant to the disposition of the [instant] [m]otion").

*Great Lakes Reinsurance (UK) PLC v. Kranig, et al.*
Civil No. 2011-122
Page 6

because Great Lakes' instant motion is inconsistent with its "judicial admissions" concerning

fraudulent conduct committed by Kranig pre-dating the issuance of the 2011 Policy.

By way of background, following summary judgment practice, counsel representing both

Kranig and NEBAT filed a motion to withdraw as counsel for defendants [DE 88] based on an

undisclosed "irreconcilable conflict of interest between Kranig and NEBAT."  Thereafter, Great

Lakes expounded upon the nature of the conflict, explaining Kranig apparently tendered to

NEBAT false policy schedules in 2008 and 2009 to establish compliance with his mortgage

obligation to maintain adequate marine insurance.  [DEs 89, 90].  Great Lakes stated further that

"it is highly unlikely that NEBAT knew about Kranig's fraudulent (and criminal) submission of

insurance documents . . . ."  [DE 90 at 6].  NEBAT submits this "judicial admission," among

others, is inconsistent with Great Lakes' instant motion.

NEBAT's estoppel challenge is deserving of short shrift.  NEBAT fails to establish how

Great Lakes' discussion of Kranig's fraudulent conduct in another context compels the

application of judicial estoppel.[8]  Moreover, NEBAT's estoppel challenge is doomed for a more

basic reason.  An award of attorney's fees in admiralty cases is based on whether a party "acted

---

[8]      Judicial estoppel is an equitable doctrine that serves to "protect[] the integrity of the judicial process." *New Hampshire v. Maine,* 532 U.S. 742, 749-50 (2001).  It operates by preventing a party who successfully adopts one position in a legal proceeding from urging the contrary position in a subsequent proceeding after its interests or circumstances have changed.  *Id*; *In re Kane*, 628 F.3d 631, 638 (3d Cir. 2010).  Three conditions inform a court's application of the doctrine: (1) the party to be estopped took a position during litigation that is "irreconcilably inconsistent" with its present position; (2) the party changed its position in "bad faith;" and (3) "no lesser sanction would adequately remedy the damage done by the litigant's misconduct." *Kane*, 628 F.3d at 638 (emphasis and citation omitted).

Here, NEBAT asserts only that Great Lakes' instant position is "clearly inconsistent" with its prior statements regarding Kranig's conduct pre-dating the relevant time period, without further comment.  Furthermore, NEBAT has not established the existence of (and indeed, has not even addressed) the remaining two requirements for the application of judicial estoppel.  *See Newton v. Savit Collection Agency*, 2011 U.S. Dist. LEXIS 146479, at *3 (D.N.J. Dec. 21, 2011) ("[T]he Third Circuit has made clear that all three prongs of the judicial estoppel doctrine must be satisfied before the doctrine is applied.") (citing *Kane*, 628 F.3d at 638).   Accordingly, NEBAT has not shown that judicial estoppel is appropriate in this case.

*Great Lakes Reinsurance (UK) PLC v. Kranig, et al.*
Civil No. 2011-122
Page 7

in bad faith, vexatiously, or oppressively in litigating [its] defenses" and not on conduct prior to

commencement of the action. *Cassin*, 2008 U.S. Dist. LEXIS 7575, at *6 (citing *Skehan v. Bd.*

*of Trustees of Bloomsburg State Coll.*, 538 F.2d 53, 57 (3d Cir. 1976)); *Binder v. McVey*, 2008

U.S. Dist. LEXIS 1117, at *3 (D.V.I. Jan. 2, 2008) (same).  Accordingly, Kranig's fraudulent

conduct regarding policy schedules issued in 2008 and 2009 has no bearing on NEBAT's defense

regarding the 2011 Policy.  Judicial estoppel is not appropriate in these circumstances.

## A.      Attorney's Fees

With respect to attorney's fees, the Court must determine whether defendants' evidence in

support of their counterclaim was so obviously deficient or defendants' summary judgment

position was so exceedingly weak as to make them frivolous.  While this Court, in its June

Order, found most of defendants' arguments unpersuasive, and the Amendatory Clauses

argument "untenable," it nowhere indicated that the entirety of defendants' argument were so

wholly unfounded as to be indicative of bad faith.  Rather, defendants' legal assertions, though

weak, were within the bounds of zealous advocacy.[9]  *See e.g., Cassin*, 2008 U.S. Dist. LEXIS

7575, at *8 (finding insured's and lien holders' claims not maintained in bad faith despite being

"troubled by [insured's] misrepresentation regarding the purchase price of the vessel" and

"unimpressed by the inability of [the lienholders] to discover that the [insurance policy] did not

contain a standard mortgage clause before arguing that they were covered by such a clause");

---

[9]      Great Lakes also seeks leave to engage in limited discovery regarding whether the defense was conducted in bad faith in the event the Court determines that the record is insufficiently developed to determine the propriety of an award of attorney's fees and costs.  Great Lakes cites *AGF Marine Aviation & Transp. v. Cassin* as authority for this request.  Pl.'s Mem. at 4 (citing *Cassin*, 2008 U.S. Dist. LEXIS 7575, at *8).  There is nothing in the *Cassin* opinion to suggest that the court granted limited discovery to further develop the record on the issue of bad faith. Rather, the *Cassin* court, in exercising its discretionary powers, simply relied "on the evidence in the record," construed in favor of the non-movants, in finding the litigation was not maintained in bad faith.  *Cassin*, 2008 U.S. Dist. LEXIS 7575, at *8 (D.V.I. Jan. 29, 2008); *see also Binder*, 2008 U.S. Dist. LEXIS 1117, at *4-5 (finding plaintiff did not act in bad faith after "consulting the record and construing all ambiguities, inferences, and disputes in the light most favorable to" plaintiff).  Similarly, the Court here can determine the instant motion on the record before it.

*Binder*, 2008 U.S. Dist. LEXIS 1117, at *4 (declining to make a bad faith finding despite the court's reservations about plaintiff's conduct in litigating the action); *cf. Mon River Towing, Inc. v. Indus. Terminal & Salvage Co.*, 2010 U.S. Dist. LEXIS 31227, at *86, 98 (W.D. Pa. Mar. 31, 2010) (awarding attorney's fees in admiralty where (1) defendant contested liability knowing it "presented no credible evidence" to the contrary, (2) the nature of certain evidence and the manner of its production by defendant gave rise to a strong inference that evidence was deliberately withheld and (3) defendant presented self-serving and inconsistent trial testimony lacking in credibility).

In sum, the Court does not find that defendants acted in bath faith in litigating this case. As a result, it declines to exercise its discretion in favor of an award of attorney's fees to Great Lakes.

**B.      Costs**

Great Lakes submitted an "Affirmation" from Gregory H. Hodges listing costs totaling $1,915.15, which Great Lakes expended in litigating this matter. Title V of the Virgin Islands Code provides that certain costs may be awarded to a prevailing party at the conclusion of litigation. 5 V.I.C. § 541(a). "The purpose of Section 541 is to indemnify the prevailing party, and the policy behind the statute is that a party should not have to bear the legal expenses of demonstrating either that it is not at fault or that it is the victim of another's fault." *Paul v. Hovensa*, 2013 U.S. Dist. LEXIS 80855, at *9-10 (D.V.I. June 7, 2013) (citation omitted). Under section 541(a), allowable costs include:

> (1)    Fees of officers, witnesses, and jurors;
> (2)    Necessary expenses of taking depositions which are reasonably necessary in the action;
> (3)    Expenses of publication of the summons or notices, and the postage when they are served by mail;

(4)   Compensation of a master as provided in Rule 53 of the Federal Rules of Civil Procedure; [and]

(5)   Necessary expense of copying any public record, book, or document used as evidence on the trial . . .

Here, Great Lakes seeks the following costs: (1) $350 associated with the filing of the complaint and issuing a summons; (2) $50 service of process fee associated with a subpoena duces tecum; (3) $1,332.50 for deposition transcripts; and (4) $182.65 fee assessed by a Florida state court for criminal court records regarding Christina Bonwit.  Per the express terms of the statute, the Court finds Great Lakes' deposition and service of process expenses are reimbursable under section 541(a).  *Int'l Leasing & Rental Corp. v. Gann*, 2010 U.S. Dist. LEXIS 28172, at *7 (D.V.I. Mar. 23, 2010) (explaining section 541(a) "allows the award of costs related to depositions [and] service of process").

## IV.   CONCLUSION

For the foregoing reasons, Great Lakes' Motion for Attorneys' Fees and Costs and for Leave to Engage in Limited Discovery Regarding Whether the Defense was Conducted in Bad Faith [DE 95] is GRANTED IN PART and DENIED IN PART as follows:

(1)   Great Lakes' motion for leave to engage in limited discovery is denied;

(2)   Great Lakes is not entitled to an award of attorney's fees; and

(3)   Great Lakes is entitled to an award of $1,382.50 in costs, for which defendants shall be jointly and severally liable.

**Dated:** October 29, 2013                              S\_____

                                                           **RUTH MILLER**
                                                           United States Magistrate Judge